BOYD, Respondent v. ALGUIRE, Administrator, APPELLANT

(153 N.W.2d 192)

(File No. 10405. Opinion filed October 6, 1967)

**Woods, Fuller, Shultz & Smith, Timothy J. Nimick** and **Merle Johnson,** Sioux Falls, for defendant and appellant.

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for plaintiff and respondent.

ROBERTS, Judge.

This is an action to recover damages for personal injuries sustained by plaintiff while in an automobile owned and driven by Roger L. Alguire. The driver, then of the age of eighteen, was killed in the accident. The action was commenced against the administrator of his estate. From judgment on a verdict for the plaintiff, defendant has appealed.

Plaintiff alleges that on February 8, 1963, he was riding "under contractual relationship, not as a guest, in a motor vehicle operated by Roger L. Alguire" and that the driver operated his automobile at a speed greater than was reasonable and prudent under the circumstances and failing to keep his automobile under control collided with a portion of an overpass spanning the highway on which they were traveling. There is no allegation that the negligence of decedent was willful or wanton. Defendant's answer denies that there was a contractual relationship and affirmatively alleges that plaintiff was being transported by defendant's decedent as his guest without compensation, but if there existed a contract for compensation defendant administrator disaffirms the same and tenders and offers to restore and pay the plaintiff any consideration received.

Plaintiff and decedent were students at the University of South Dakota and had been acquaintances for several years. At the time of the accident decedent, enroute from Vermillion to Sioux Falls, was accompanied by plaintiff and three other students. Plaintiff contacted defendant's decedent about riding with him. The court before admitting evidence of statements of the deceased made the preliminary finding required by the provisions of SDC 1960 Supp. 36.0104[1] after hearing evidence as to the alleged statements and the making thereof. Plaintiff then testified before the jury as follows:

"Q  Now I assume there that you had some conversation with Mr. Alguire at that time about a ride to Sioux Falls?  A  Yes.

"Q  Now first of all, I want you to state for the jury what you said at that time?  A  I asked Roger if I could get a ride home to Sioux Falls this afternoon with him.

"Q  All right now would you state for the jury what he said in response to that question * * *  A  At

---

1. This section provides: "In actions, suits, or proceedings by or against the representatives of deceased persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge."  See Scott v. Liechti, 70 S.D. 89, 15 N.W.2d 1.

that time he said, yes, I could have the ride if I shared the gas expense at the time or fifty cents.

"Q Did you have some additional conversation then? A That I would meet him in the parking lot at three thirty that afternoon and we would leave from there.

"Q Then after you left from the parking lot, you drove to the Texaco station and you have told us about that? A Yes sir."

Plaintiff had testified that while at the gas station each of the riders including himself paid fifty cents to defendant's decedent for the purchase of gasoline.

The party of five left Vermillion about four o'clock in the afternoon traveling east on Highway 50 to the junction of Interstate 29 and then proceeded north on the latter highway. Plaintiff was riding in the seat beside the driver and Darrel Seaman to the right of plaintiff. The other two occupied the rear seat. They proceeded without incident until they reached the Harrisburg overpass and exit. About a mile north of this point is another overpass.

There was conflict in the evidence as to the weather and highway conditions and the speed of the car at the time of the accident.

Plaintiff testified that immediately before the accident decedent was traveling between 50 and 60 miles per hour; that there was "some form of precipitation"; that immediately after traveling under the Harrisburg overpass the car went into a slight skid and then came back into the lane of travel; and that thereafter having proceeded two or three hundred yards and without the slackening of speed the car went into a second skid and out of control and the left side of the car struck a concrete support of the overpass. A highway patrolman arriving shortly after the collision testified that highways in the area were slippery and that decedent's car left skid marks measuring 71 paces,

a pace being slightly more than two feet. As to defendant's version of the accident, there was only the testimony of Darrel Seaman. This witness testified that he did not observe any snow or ice on the highway and describing the movement of the car at the time it struck the concrete support stated there had been no previous skidding.

Defendant contends (1) that the mere sharing of expenses did not make plaintiff a passenger rather than a guest; (2) that if there was an agreement for transportation with compensation the agreement was timely disaffirmed; (3) that sudden skidding of the automobile in and of itself did not constitute negligence; and (4) that the court committed errors in the admission of evidence and in its instructions to the jury.

Defendant contends that SDC 44.0362 known as the guest statute is here applicable. It reads:

"No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought * * *."

■■ The question whether a person riding in another's automobile is a guest within the meaning of this statute depends upon the facts and circumstances involved in each case. Plaintiff contends that the evidence shows that he was being transported by defendant's decedent in consideration of a cash payment made pursuant to an agreement. Defendant insists that the cash payment or contribution was not a benefit accruing to the operator of the car sufficient to remove him from the category of a guest. The trial court concluded that the question of relationship was one of fact for the jury.

■ When evidence is undisputed or such that minds of men could not reasonably arrive at but one conclusion, the ques-

tion is one for decision by the court as a matter of law; otherwise, it is a question for the jury to decide as other issuable facts in the case. Granflaten v. Rohde, 66 S.D. 335, 283 N.W. 153; Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273.

The meaning of the word "guest" as used in the statute, then Ch. 147, Laws 1933, was first considered by this court in Schiltz v. Picton, 66 S.D. 301, 282 N.W. 519, where we said: "While it might be that under this statute actual payment in money or other tangible thing is not necessary to exclude one from its terms and render one not a guest, nevertheless, we believe that the statute contemplates some benefit accruing from the transportation to the owner or operator of the motor vehicle in order to render a passenger in a motor vehicle not a guest. Such benefits are as compatible with hospitality, companionship or good fellowship accruing to the owner or operator are not sufficient to take the passenger out of the guest classification. Perhaps no precise rule can be laid down at this time to govern every situation, but we think it clear that under this state of facts where the transportation of this plaintiff was a mere gratuity, and where the benefit derived from the transportation accrued solely to the plaintiff, plaintiff must be classified as a guest under our statute."

In Forsling v. Mickelson, 66 S.D. 366, 283 N.W. 169, it was held that a member of a band who had volunteered his service for a booster trip to advertise a community enterprise and was being transported when injured in a motor vehicle driven by defendant, a businessman who was benefited indirectly by the advertising trip, was not a guest; that the benefit accruing to or conferred upon the driver of the vehicle was sufficient to take the person riding with him out of the guest classification.

■ The statute in question must be interpreted and applied in accordance with the intention of the legislature. The statute should not be extended by construction beyond its objectives nor be so restricted as to defeat its purposes. The phrase "guest without compensation for such transportation" implies that the occupant so referred to is the recipient of the hospitality of the owner or operator as distinguished from a passenger who has

given compensation for the transportation. A vague, incidental or speculative benefit is not sufficient to take an occupant out of the guest class. In Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266, it is said that the benefit must be "sufficiently real, tangible and substantial to serve as the inducing cause of the transportation, and to operate to completely overshadow any considerations of mere hospitality growing out of friendship or relationship." See also Gunderson v. Sopiwnik, 75 S.D. 402, 66 N.W.2d 510; Tennyson v. Kern, 76 S.D. 136, 74 N.W.2d 316; Mitzel v. Hauck, 78 S.D. 543, 105 N.W.2d 378; Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273; Peterson v. Snell, 80 S.D. 496, 127 N.W.2d 142; Jennings v. Hodges, 80 S.D. 582, 129 N.W.2d 59.

■ It is a general rule that the sharing of the cost of operating the car or other expenses when the acceptance of the occupant for conveyance is not motivated by or conditioned on such contribution is incidental and nothing more than the exchange of social amenities and does not transform into a paying passenger one who without the exchange would be a guest. Tennyson v. Kern, supra. Where, however, the owner or operator of a motor vehicle insists upon a prearrangement indicating that the transportation given was conditioned upon his contribution toward the expenses of the trip, the provision thus made will preclude the host-guest relationship notwithstanding the trip may have a social aspect. McMahon v. DeKraay, 70 S.D. 180, 16 N.W.2d 308; 60 C.J.S. Motor Vehicles § 399(5); Annot., 10 A.L.R.2d 1351.

■ It appears from the testimony of the plaintiff that there was a specific agreement conditioned on the payment of a fixed amount. The jury could properly find that such payment was the motivating influence for furnishing the transportation. The contractual relationship of host and passenger was thus voluntarily assumed and the provisions of the guest statute under such fact situation were inapplicable.

■ The contract of a minor over eighteen years of age is not void unless for some other reason than minority, but voidable merely, and enforceable unless disaffirmed in the manner provided by statute. SDC 43.0104, 43.0105. Defendant's de-

cedent was eighteen years of age when the claimed prearrangement for transportation was made. Defendant contends that the status of the parties was one arising out of a contractual relationship and recovery cannot be had without directly or indirectly enforcing the contract. Our most recent consideration of the right of disaffirmance of a contract by a minor incident to the guest statute was in Friedhoff v. Engberg, 82 S.D. 522, 149 N.W.2d 759. That action was for injuries sustained in an automobile accident by an occupant against the driver who was eighteen years of age and a ranch operator who employed plaintiff occupant and the driver. As to the right of defendant minor to disaffirm his employment contract so as to change the status of plaintiff to that of a guest, this court said: "A tort usually arises from a breach of legal duty independent of contract. Such breach of duty may arise out of a relation or state of facts created by contract. Smith v. Weber, 70 S.D. 232, 16 N.W.2d 537. A contract may establish a relationship requiring exercise of proper care and acts or omissions in performance of such duty may give rise to a tort liability. Weeg v. Iowa Mutual Insurance Co., 82 S.D. 104, 141 N.W.2d 913. While the relationship and status of the parties had its origin in a contract the gist of the action sounds in tort and is based on his negligent conduct. Plaintiff's status was that of a passenger, not a guest, at the time of the accident and Hale's later disaffirmance of his employment agreement with Engbergs cannot relate back to avoid the liability for his negligence." The guest statute applies to any owner or operator of a motor vehicle and makes no exception as to minors. It is designed to relieve a motor vehicle operator who has extended hospitality to a nonpaying passenger from the consequences of ordinary negligence causing injury to such a person. If the host-passenger relationship exists, an infant host has the duty to exercise ordinary care. We think, as indicated in the Friedhoff case[2], that there is no rational basis for holding that an infant has the right to disaffirm an agreement for the transportation of a passenger for compensation after there has been an accident.

---

2. Cited with approval in a recent Michigan Supreme Court decision, Pokriefka v. Mazur, 379 Mich. 348, 151 N.W.2d 806, overruling Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436.

■  Defendant submits that it is not uncommon under certain conditions for an automobile to skid and to be out of control without fault on the part of the driver. It has been generally held that mere skidding of an automobile does not indicate or establish negligence. Annot., 58 A.L.R. 266, 113 A.L.R. 1005. It is clearly the position of this court that taken together with other acts or omissions of the driver, skidding may occur under such circumstances as to warrant a finding of negligence. Zeigler v. Ryan, 65 S.D. 110, 271 N.W. 767; Jacobson v. Coady, 77 S.D. 1, 84 N.W.2d 1.

■ ■  A verdict in favor of plaintiff was held sustained by the evidence in Zeigler v. Ryan, supra, where it appeared that the driver proceeding down a hill at a rapid rate of speed when it was necessary that he yield a part of the highway to an oncoming car made no attempt to slacken his speed prior to meeting the oncoming car and jammed on the brakes when skidding commenced at a turn in the highway. This court held that whether the driver met the conditions as an ordinarily prudent man would under similar circumstances was a question for the jury. The rule consistently followed in this court is that we cannot weigh conflicting evidence or pass upon the credibility of witnesses. That is within the province of the jury. Under the facts disclosed by this record, the court was justified in submitting the question of negligence to the jury.

■  Defendant contends that refusal of the court to give a requested instruction on unavoidable accident was error. The refusal was in accord with Cordell v. Scott, 79 S.D. 316, 111 N.W.2d 594, where this court said: "*  *  *  we believe unavoidable accident instructions should be restrictively used *  *  *. In the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause. Further instruction on unavoidable accident usually is unnecessary. Such instruction may properly be given in those cases where there is evidence that something other than the negligence of one of the parties caused the mishap." See also Herman v. Spiegler, 82 S.D. 339, 145 N.W.2d 916. Refusal to give the instruction clearly was not error as the jury was fully instruc-

ted upon negligence and there was no evidence that the accident resulted from other cause.

The trial court after advising the jury of the issues submitted by the court further instructed: "In order for plaintiff to be taken out of the category of a guest, you must find that there was a pre-arrangement whereby Roger Alguire agreed to transport Bruce Boyd to Sioux Falls, providing Bruce Boyd paid fifty cents." The grounds of defendant's objection to this instruction are stated in his exceptions as follows: "It is the position of defendant that proper requirement is that the jury find that the defendant's decedent receive a substantial benefit from the transportation and further that the compensation or the agreement for compensation was so real, tangible and substantial as to serve not only as the inducing cause for the transportation but to completely overshadow any consideration of mere hospitality growing out of friendship or relationship and that the instruction in its present form would permit the jury to find that the fifty cents was sufficient without a finding that it was substantial and the inducing cause of the transportation as earlier set forth in this exception." What has been said with reference to the benefit rule disposes of this contention. When there is no express agreement as has been pointed out for transportation with payment or compensation, the status of passenger does not arise unless the facts and surrounding circumstances indicate that the transportation tends to promote a mutual interest or is primarily for the attainment of some objective of the owner or operator.

Judgment affirmed.

All the Judges concur.