Diane **FJERSTAD**, as Special Administrator of the Estate of Dezso Csoka, Plaintiff and Appellant,

v.

**SIOUX VALLEY HOSPITAL**, a corporation, Defendant and Appellee.

No. 12786.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 21, 1980.

Decided April 30, 1980.

David V. Vrooman, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy and Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

DUNN, Justice.

After a jury verdict and judgment for defendant, plaintiff, special administrator of the estate of decedent Dezso Csoka, moved for a new trial, and the motion was denied. Plaintiff appeals from the judgment. We affirm.

The facts of this case are fully set forth in *Fjerstad v. Knutson*, 271 N.W.2d 8 (S.D. 1978). Briefly stated, Dezso Csoka, the decedent, went to the emergency room of Sioux Valley Hospital on July 4, 1973, suffering with a severe sore throat. Knutson, an intern at that time, examined the decedent and ordered a blood test and throat culture. He gave the decedent a prescription for an antibiotic, Erythromycin, and released him from the emergency room. This was in violation of the hospital's policy of not releasing an emergency room patient until the on-call physician or the patient's local doctor had been consulted. Knutson had attempted to contact the on-call physician by telephone but was unable to reach him. Dezso Csoka died in his sleep that night. The autopsy revealed that his death was caused by asphyxia as a result of swollen larynx, tonsils and epiglottis. The jury found in favor of the hospital and Dr. Knutson. On appeal, that portion of the judgment that found Dr. Knutson not liable was affirmed, but the portion of the judgment entered in favor of Sioux Valley Hospital was reversed and remanded for a new trial.

At retrial, the trial court instructed the jury that the plaintiff had the burden of proving three essential elements by a preponderance of the evidence:

1. The negligence of Sioux Valley Hospital.
2. That such negligence was the proximate cause of Mr. Csoka's death.
3. The pecuniary loss caused Mrs. Csoka and the children by reason of his death.

The trial court instructed the jury that three issues were being presented to it for its consideration:

1. Was the defendant hospital negligent in failing to properly supervise its emergency room on July 4, 1973? If you answer that question "No", you

will return a verdict for the defendant. If you answer it "Yes", you must then deal with a second issue:

2. Was such negligence a proximate cause of the death of Dezso Csoka? If you answer that question "No", you will return a verdict for the defendant. If you answer it "Yes", you must then deal with a third issue:

3. What pecuniary loss has the death of Dezso Csoka caused his widow and children?

Two general verdict forms were submitted to the jury. The jury returned the general verdict form for the defendant. At the bottom of the verdict, the jury added the following statement:

We, the jury would like to submit to the Court that although we decided in favor of the defendant, we strongly feel that the defendant, Sioux Valley Hospital, was negligent in failing to properly supervise the emergency room.

Plaintiff contends that this jury verdict is so ambiguous that it is not possible to determine its meaning.

▮▮▮ We reach the issue of the verdict's ambiguity despite defendant's contention that plaintiff's failure to make any objection when the verdict was returned constitutes a waiver of this issue. Defendant rests its contention on SDCL 15–14–30, which states:

When the verdict is announced, if it be informal or insufficient in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.

As we stated in *Mueller v. Mueller*, 88 S.D. 446, 450, 221 N.W.2d 39, 41 (1974), however, this statute applies only "where a verdict is irregular on its face and can be easily corrected as in the case where interest is omitted or the foreman fails to sign the verdict." The alleged deficiencies in the verdict now before us are not merely mechanical, but rather, they go to the heart of the jury's findings. The proper motion therefore was for a new trial, and plaintiff's failure to object when the verdict was returned does not prevent us from addressing the issue of the ambiguity of the verdict.

▮▮▮ We hold that the verdict in this case is sustainable. A verdict should be sustained and should not be set aside unless it is irreconcilably inconsistent or is so vague that its meaning is uncertain. The verdict of a jury may be construed in light of the pleadings, the issues made by the evidence, and the jury instructions. *NEDA Const. Co., Inc. v. Jenkins*, 137 Ga.App. 344, 223 S.E.2d 732 (1976). It is presumed that a jury understands and abides by the court's instructions. *Giltner v. Stark*, 219 N.W.2d 700 (Iowa 1974). Even if the verdict is susceptible of two constructions, the construction that sustains the verdict must be applied. *Baker v. Jewell*, 77 S.D. 573, 96 N.W.2d 299 (1959).

▮▮▮ Accordingly, we accept defendant's construction of the verdict, i. e., that the jury determined that the hospital was negligent in not providing proper supervision, but that this negligence was not the proximate cause of Dezso Csoka's death. The language included by the jury in the general verdict is not in conflict with a valid verdict and may be disregarded as extraneous. *Keating v. Zumwalt*, 91 Cal. App.2d 845, 206 P.2d 10 (1949).

The judgment is affirmed.

All the Justices concur.