**Deborah K. WEBER, Plaintiff and Appellant,**

v.

**Ben J. BERNARD, Defendant and Appellee.**

**No. 14239.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1984.

Decided May 29, 1984.

Gregory A. Eiesland of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for plaintiff and appellant.

Robert L. Lewis of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellee.

WOLLMAN, Justice.

Plaintiff appeals from a judgment entered on a jury verdict in favor of defendant in plaintiff's action for personal injuries and from orders denying her motion for judgment notwithstanding the verdict and motion for new trial. We affirm.

On January 2, 1982, plaintiff left Centerville at approximately 9:30 a.m. and drove some thirty-five to forty miles to Sioux Falls on Interstate 29. Plaintiff turned off I–29 onto the West 12th Street exit ramp and stopped at the intersection. Although the light turned green, traffic prevented plaintiff from entering the intersection. While plaintiff was stopped at the intersection, defendant drove up the ramp and hit plaintiff's car from behind.

Plaintiff testified that "it had started snowing pretty heavy and there was times I couldn't see, it was blowing snow, and the driving lane was scattered slippery spots and the passing lane most of the time had snow on it. Underneath the bridges and overpasses there was drifts and blowing snow. You could hardly see when you went through an underpass." Defense counsel impeached this testimony with the following answer plaintiff had given in response to an interrogatory: "The road was dry at the time of the accident but there were some snowflakes in the air."

Defendant testified that there may have been a little snow sticking to the highway but "it wasn't enough to bother anything," and that he had experienced no trouble with his vehicle slipping or sliding while enroute from Sioux City, Iowa, to Sioux Falls on I–29. Defendant entered the exit ramp at a speed of approximately thirty to thirty-five miles per hour and was surprised at his inability to stop the car because of the slippery condition of the roadway.

Defendant called as a witness Cynthia Venekamp, whose car had collided with a garbage truck on the West 12th Street exit ramp about an hour before plaintiff was struck. Mrs. Venekamp testified that "The interstate was fine. It wasn't slippery at all." With regard to the condition of the

ramp, Mrs. Venekamp testified: "There was no way I could slow down. And I wasn't going that fast at all." Defendant also called as a witness the driver of the garbage truck struck by Mrs. Venekamp, who testified that although the interstate was wet the day of the accident, he could remember no ice being on the highway. He also testified that he "almost slid through the stop sign" after entering the exit ramp.

Plaintiff contends that she was entitled to a directed verdict on the issue of liability. We do not agree. When faced with a motion for directed verdict, a trial court must accept the evidence which is most favorable to the nonmoving party and indulge all legitimate inferences in his favor that can fairly be drawn therefrom. *Budahl v. Gordon & David Assocs.*, 323 N.W.2d 853 (S.D.1982); *Myers v. Quenzer*, 79 S.D. 248, 110 N.W.2d 840 (1961). If there is sufficient evidence to allow reasonable minds to differ, a directed verdict is inappropriate. *Cox v. Brookings Int'l Life Ins. Co.*, 331 N.W.2d 299 (S.D.1983). Also, in *Ziebarth v. Schnieders*, 342 N.W.2d 234 (S.D.1984), we held that although a verdict is appropriately directed when there is no question for the trier of fact, it is seldom that the party having the burden of proving a proposition establishes it as a matter of law.

Plaintiff contends that the holding in *McDonnel v. Lakings*, 78 S.D. 195, 99 N.W.2d 799 (1959), supports her claim that defendant was guilty of negligence as a matter of law in not being able to bring his vehicle to a stop on the icy exit ramp. In *McDonnel*, however, the evidence clearly established that the road surface was dry; moreover, the defendant in that case admitted that he was following the plaintiff's car too closely. In the case before us, on the other hand, defendant, if his testimony and that of his witnesses is believed, was suddenly faced with unexpectedly slippery road conditions upon reaching the exit ramp. It was for the jury to resolve the conflict in the testimony re-

garding weather and road conditions. If believed, defendant's evidence on this issue was sufficient to absolve him of liability for the collision, for whether a driver meets conditions as an ordinarily prudent man would under similar circumstances is generally for the jury to determine. *Boyd v. Alguire*, 82 S.D. 684, 153 N.W.2d 192 (1967); *Zeigler v. Ryan*, 65 S.D. 110, 271 N.W. 767 (1937).[1]

Plaintiff also contends that because there was no sudden emergency that excused defendant's violation of two safety statutes, SDCL 32–25–3 and SDCL 32–26–40, defendant was guilty of negligence as a matter of law.[2]

██ From the testimony recited above, however, we conclude that the trial court properly submitted this issue to the jury and properly instructed the jury that the existence of a sudden emergency not caused or contributed to by defendant's prior conduct absolves a defendant from the negligence otherwise flowing from the violation of a statute. *See Meyer v. Johnson*, 254 N.W.2d 107 (S.D.1977), and cases cited therein.

Plaintiff's counsel conducted the following cross-examination of Mrs. Venekamp:

Q. Just a moment. So far as you're concerned, you weren't going too fast?

A. No.

Q. Some cars could stop, but you couldn't stop?

A. The garbage truck could barely get stopped.

Q. Just a moment. Some cars could stop and some couldn't, is that correct?

A. I don't know. I have no idea. I know that the garbage truck could barely stop. I couldn't stop, and the guy that hit me couldn't stop. That's all I know.

Q. So you don't want your running into the back of somebody else to be construed as being your fault, do you?

A. It wasn't my fault, because I was issued a ticket and taken to court and I was found not guilty.

Defendant then offered and the trial court accepted into evidence Exhibit K, a certified copy of the record of the Sioux Falls magistrate court showing that Mrs. Venekamp had been found not guilty of driving too fast for conditions. Plaintiff contends that the trial court's erroneous admission of this exhibit allowed the criminal acquittal of a third person in an unrelated accident to exonerate defendant from his negligence.

██ The fact that a defendant in a personal injury case was acquitted in criminal proceedings brought against him in connection with the automobile accident in issue is not admissible in evidence.[3] *Leong v. Honolulu Rapid Transit*, 52 Hawaii 138, 472 P.2d 505 (1970).[4] The acquittal of

1. Defendant cites *Nichols v. Morkert*, 85 S.D. 384, 182 N.W.2d 324 (1971), in support of his contention that the question of his liability was for the jury. There is much force in the dissenting opinion in *Nichols*, however, and the result reached by the majority is questionable in view of the facts of that case.

2. SDCL 32–25–3 provides:
    It shall be unlawful for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing or at speeds in excess of those fixed by this chapter or provided by the board of transportation.
    SDCL 32–26–40 provides:
    The driver of a motor vehicle shall not follow another vehicle more closely than is

reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway.

3. In *Berlin v. Berens*, 76 S.D. 429, 80 N.W.2d 79 (1956), we held that in civil litigation involving an accident which gave rise to a criminal charge to which the defendant pleaded guilty, the plea, while not conclusive as substantive evidence, is an admission against interest.

4. Several jurisdictions have held that nonissuance of a traffic citation is inadmissible in civil litigation. *See Ferreira v. General Motors Corp.*, 657 P.2d 1066 (Hawaii App.1983); *Dosh v. Elioff*, 301 Minn. 169, 222 N.W.2d 326 (1979); *Franco v. Zingarelli*, 72 A.D.2d 211, 424 N.Y.S.2d 185 (1980); *Chewakin v. St. Vincent*, 275 N.W.2d 300 (N.D.1979).

a third person on a charge arising out of another accident is likewise inadmissible. We agree with the trial court, however, that Mrs. Venekamp's response was invited by plaintiff's counsel in pursuing his line of inquiry. Consequently, plaintiff cannot complain of this testimony. *See State v. Smith,* 325 N.W.2d 304 (S.D.1982); *Drier v. Perfection, Inc.,* 259 N.W.2d 496 (S.D. 1977).

 Although Exhibit K should not have been admitted, it was merely cumulative to the testimony invited by plaintiff's counsel and therefore nonprejudicial. *See Alberts v. Mutual Service Casualty Ins. Co.,* 80 S.D. 303, 123 N.W.2d 96 (1963). In addition, the jury was instructed that Mrs. Venekamp's acquittal of criminal charges was not determinative of defendant's civil liability and was further instructed regarding the higher degree of proof required in criminal as opposed to civil cases.

The judgment is affirmed.

All the Justices concur.