STATE, Respondent, v. DARLING, Appellant.

(165 N. W. 536).

(File No. 4282.  Opinion filed December 13, 1917.)

1.  **Public Lands—State School Lands—Sale Contracts, Foreclosure For Non-payment—Remedy—Statute.**

    Since Pol. Code, Sec. 383 (Comp. Laws 1908, p. 99), concerning sale of school lands, does not prescribe a remedy by which contracts of sale may be set aside, Laws 1913, Ch. 138, providing for strict foreclosure of land contracts, is available to the state, upon breach of such executory contracts, for purposes of setting aside, and barring the purchaser's equitable right or interest thereunder.

2.  **Vendor and Purchaser—School Land Purchaser—Vendor's Foreclosure Right—Statute, Part of Contract.**

    Statutes under which school land sales are made, are as much part of the contract, as regards the remedy for foreclosure of purchaser's right, as if expressly embodied therein.

3.  **Vendor and Purchaser—School Land Purchaser—Complaint to Foreclose Purchaser's Equity—"Foreclosure," Rescission—Statute.**

    A complaint alleging sale contract of school lands, failure to pay principal, interest, and taxes, and demanding that contract be set aside, that defendant be decreed to have no right, title or interest, and such other relief as plaintiff may be entitled to under the school land sale statute, states cause of action for strict foreclosure of purchaser's right, under Laws 1913, Ch. 138, concerning foreclosure of realty sale contract; and such a suit is not one to rescind the contract; and although it does not use the word "foreclose," the purpose and result of strict foreclosure of such contracts, whether under statutes or under ordinary actions in equity, are to decree that purchaser had no right, etc., which has the effect of barring and foreclosing of all purchaser's equities under the contract, and in effect sets it aside.

4.  **Vendor and Purchaser—Foreclosure—Time For Compliance With Decree, Fixing, In Statute, In Lieu of Notice.**

    Under Laws 1913, Ch. 138, concerning foreclosure of land sale contracts, the provision authorizing court to fix time within which purchaser may comply with the contract answers the same purpose as requiring vendor to fix it and to give notice of such time before suit.

5.  **Pleadings—Foreclosure Re Land Purchase—Prayer, Whether Allegation of Fact—Demurrer.**

    In a suit to foreclose purchaser's right under school land sale purchase, the demand for relief, that sale be set aside, etc., is no part of the allegations of fact. So held, on demurrer to complaint.

6.  **Vendor and Purchaser—Separate Contract for Parcels—Foreclosure—Joinder of Separate Contracts—Failure to Designate Separate Causes of Action—Demurrer, Tenability of.**

    Where land was sold in separate parcels, a separate contract being made for each parcel, held, that a complaint for foreclosure of purchaser's rights, etc., setting out each contract in separate paragraphs, but not designated as separate causes of action, properly joined all the contracts in one suit; the complaint not being demurrable because of such want of designation of separate causes.

7.  **Public Lands—State School Lands—Foreclosure of Sale Contract—Separate Parcel Contracts, Separate Findings, Necessity of—Redemption, Method of.**

    Although in foreclosure of several contracts for parcels of state school land sales, constituting one aggregate sale, the several contracts may be joined in one foreclosure suit, under Laws 1913, Ch. 138, concerning general land sale foreclosures, yet separate findings must be made as to amount due on each contract, and made a distinct part of the judgment, so that purchaser may comply with any one or all of the contracts; compliance with such terms within time fixed by court being the only method of redemption under strict foreclosure.

Appeal from Circuit Court, Sully County. Hon. JOHN F. HUGHES, Judge.

Action by the State of South Dakota, against A. D. Darling, to foreclose contracts of purchase of state school lands. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*W. F. Bruell,* for Appellant.

*Clarence C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *J. H. Gropengieser,* for the State.

(3) To point three of the opinion, Appellant cited. Black

on Rescissions, Sec. 616; Anderson v. Haskell, 45 Iowa, 45; Hickman v. Long, 34 S. D. 639.

Respondent cited: Laws 1911, Ch. 224, Sec. 42; Laws 1913, Ch. 138, Sec. 1.

McCOY, J. The plaintiff by its complaint in substance alleged: That on the 2nd day of May, 1910, under and by virtue of the laws of the state of South Dakota relative to the sale of school lands, it entered into certain cotnracts of sale, by and through its commissioner of school and public lands, whereby, under certain conditions, it agreed to sell and convey title to defendant to 640 acres of school lands situated in Sully county for the aggregate sum of $19,360. That the said contracts contained the condition that if the purchaser, the defendant, or his legal representatives, shall pay to the treasurer of Sully county the sum of $4,840, being one-fourth of the aggregate amount of said purchase price, at or before the execution of said contracts, and also pay one-third of the remaining three-fourths thereof in 5 years, one-third in 10 years, and the other one-third in 15 years, from the 2d day of May, 1910, with interest at the rate of 6 per cent. per annum annually in advance on the 1st day of January of each year, until the entire amount of said purchase money, and interest at the rate of 7 per cent. per annum upon all unpaid interest, shall have been paid, and shall also pay all taxes which may be levied upon said lands, as the same shall become due, then, and in that event only, will the said purchaser or his legal representatives be entitled to a patent for said lands. The said contracts also contained the provision that in case of the nonpayment of the purchase money, or the interest aforesaid as it shall become due, or in case of the violation of any of the provisions of said contracts by the said purchaser of said land, or any person claiming under him, the commissioner of school and public lands shall cause proceedings to be instituted in the proper court to set aside the said sale. That the said contracts were duly approved by the Governor of the state, and a duplicate thereof duly delivered to said purchaser as required by law. That prior to the execution of said contract the said purchaser paid on the purchase price of said land the sum of $4,840, and has since also paid the interest for the years 1910, 1911, and 1912, amounting to $2,483.20. That no other payments have been made upon said

purchase price, or said contracts, and that there is now due upon said contracts from the defendant to the state the sum of $14,520, the whole of said deferred payments, and also the sum of $3,-941.92 interest, making a total now due on said contracts of the sum of $18,461.92. That the taxes on said lands levied for the years 1914, 1915, and 1916 have not been paid by said purchaser. That the defendant has not made the payments provided for in said contracts, nor as provided by law, and has no other right or interest in and to said real estate than is herein set forth. That the commissioner of school and public lands has directed the state's attorney of Sully county to bring action to set aside said sale as provided by law. Wherefore plaintiff demands judgment that the said sale, as evidenced by said contracts, be set aside, and that the defendant be decreed to have no right, title, or interest in and to said lands, and that the plaintiff be put into the immediate possession, to have and to hold the same as though the said real estate had never been sold, and for such other and further relief as the plaintiff may be entitled to under the provisions of the statute concerning the sale of school and public lands, and for the setting aside of such sales for the nonperformance of the conditions thereof.

To such complaint the defendant demurred upon the following grounds: (1) That said complaint does not state facts sufficient to constitute a cause of action against this defendant; (2) that said action purports to be one to rescind a contract, and the complaint shows upon its face that the defendant has made payments of money under the terms thereof from time to time, and that the plaintiff does not offer to restore and has not offered to return or restore the same, and does not plead the desire or attempt to place the parties in statu quo; (3) that said complaint, or action, is based upon several contracts, each of which is a separate cause of action and should be separately stated, and that there is a distinct misjoinder of actions. The demurrer having been overruled, defendant appeals.

[1, 2] It is the contention of appellant that the complaint attempts to allege a cause of action for the rescission of a contract, while respondent contends that the complaint states a cause of action for strict statutory foreclosure of an executory contract

under the provisions of chapter 138, Laws of 1913. It will be observed that section 383, Political Code (Comp. Laws 1908, p. 99), under which the contracts in question were entered into, does not prescribe any particular remedy by which such contracts may be set aside. We are of the opinion that the provisions of chapter 138 are available to the state, as well as to individuals, upon breach of such executory contracts, for the purpose of setting aside, cutting off, and barring any equitable right or interest that a purchaser may have thereunder. The statutes under which such contracts were made are as much a part of the contract as if expressly embodied therein. These contracts, as well as the statutes, provide that on default in the terms thereof action may be instituted to set aside the contract.

[3] While the complaint in question does not use the word "foreclose," yet this complaint does allege the making and entering into of these contracts under the statute, and the failure to pay the principal, interest, and taxes at the time specified therein, and the demand for relief that defendant be decreed to have no right, title, or interest in and to said lands, and for such other relief as plaintiff may be entitled to under the statute providing for setting aside sales of school lands for the nonperformance of the conditions thereof. The purpose and result of strict foreclosure of such contracts, on condition broken, whether under the statutes or under ordinary action in equity, is to decree that the purchaser have no future right, title, or interest in the lands, which has the effect of barring and foreclosing all the purchaser's equities and interests thereto under the contract. This has the effect of setting aside the contract and placing the vendor in the same legal position as if the contract had not been made. Ordinarily, in equity actions to strictly foreclose such contracts on condition broken, it is necessary that the vendor fix a stated future time, giving the purchaser notice thereof, in which the purchaser is notified that, unless he complies with the terms of his contract within such time, the vendor will begin action to cut off and bar his right and equities thereunder. Speer v. Phillips, 24 S. D. 257, 123 N. W. 722; Keater v. Ferguson, 20 S. D. 473, 107 N. W. 678, 129 Am. St. Rep. 947; O'Connor v. Hughes, 35 Minn. 446, 29 N. W. 152.

[4, 5] Under the provisions of said chapter 138, the court is authorized to fix such future time in which the purchaser, if he so desires, may comply with the terms of his contract, which statutory provision answers the same purpose as requiring the vendor to fix such time and give notice thereof before suit. The plaintiff in this case is not seeking to rescind the contract, but is relying upon the contract, and a breach thereof, as the basis of its cause of action and right to relief. The demand for relief in a complaint is no part of the allegations of fact. The question for determination on demurrer is whether or not the facts alleged entitle the plaintiff to any relief.

[6, 7] The said section of land sold to appellant on May 2, 1910, was sold in 16 lots or parcels, of 40 acres each, and a separate contract made out for each 40-acre tract. Each and every one of the 16 contracts are set out in the complaint in separate paragraphs, but not designated as separate causes of action. We are of the opinion that all these contracts were properly joined in one action, and that the complaint is not subject to demurrer by reason of the fact that each contract is not designated or made the basis of a separate cause of action. We are of the opinion that the complaint states a good cause of action for strict foreclosure under chapter 138, Laws of 1913. Each of the 16 contracts is the subject, however, of a separate foreclosure, and the amount due on each should be separately found, and made a distinct portion of the judgment and the notice to comply therewith, to the end that, if appellant so desires, he may comply with the terms and conditions of any one or all of such separate contracts; the compliance with the terms of the contract within the time fixed by the trial court being the only method of redemption under such strict foreclosure.

The order appealed from is affirmed.