HULSEMAN, et al, Respondents, v. DIRKS LAND COMPANY, et al, Appellants.

(259 N. W. 679.)

(File No. 7600.   Opinion filed March 6, 1935.)

*C. H. McCay,* of Salem, and *Louis N. Crill,* of Sioux Falls, for Appellants.

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Respondents.

WARREN, P. J.   In February, 1932, plaintiffs brought an action for the foreclosure of a mortgage containing a clause mortgaging certain lands and rents, issues, and profits thereof. The complaint contains a copy of the mortgage.   Among the recitals in said mortgage immediately following the description of the real property we find the following recital:   " * * * together with all the rents, issues and profits thereof as security for the payment to the said mortgagee at its office in Sioux Falls, South Dakota, of the principal sum of $6,000.00 and interest thereon * * *."   In connection with the foreclosure, plaintiffs made an application for the appointment of a receiver to collect the rents, issues, and profits so mortgaged.   Affidavits were offered in behalf of the parties which show a conflict as to the value of the property.

A decree of foreclosure was entered in March, 1933. A sale upon execution was thereafter held on May 2, 1933; the property being sold for $6,250, leaving a deficiency judgment of $540.30 against the defendants Cornelius H. Dirks and Marguerite Dirks. On April 24, 1933, the matter of a receivership was brought before the circuit court upon an order to show cause. The court, after considering the affidavits, the papers, records and files, made its decision in favor of the plaintiffs and appointed a receiver. The court made no findings and conclusions.

The record before us merely shows an order in which there are recitals to the effect that the matters have been considered and that it appeared to the satisfaction of the court, and that the court found, that by virtue of the mortgage given by the defendants Cornelius H. Dirks and Marguerite Dirks, and held and owned by the plaintiffs, the plaintiffs were entitled to a receiver in the matter. It ordered and appointed one Charles S. McDonald as the receiver of said real property to take possession of said real property, to manage, maintain, rent, lease, and operate said property, keep said property insured to such an extent as said receiver might deem advisable, and to collect the rents, issues, and profits of said real property, and that the receiver should deposit all moneys coming into his hands in a certain designated bank, and that the moneys should be disbursed in accordance with the orders of the court. After the issuance and filing of said order, defendants appealed from the order to this court.

Appellants contend that the court erred in entering the order appointing the receiver and that the said order is manifestly prejudicial to the appellants for the reason that the showing on the part of the plaintiffs in an application for the appointment of a receiver is insufficient to establish that the value of the mortgaged property was probably insufficient to discharge the mortgage debt; that the only basis for the appointment of the receiver as set forth in the order is that "by virtue of the mortgage given by the defendants and now held and owned by the plaintiffs said plaintiffs are entitled to a receiver"; and that the mortgage in said action as pleaded in the plaintiffs' complaint does not authorize the appointment of a receiver and that the court erred in appointing a receiver solely upon the terms and conditions of said mortgage.

Appellants further contend that the showing of the value of the

property to discharge the mortgage indebtedness was insufficient to authorize the appointment of a receiver. As we view it the value of the property is not an issue on account of the language and certain stipulations contained within the mortgage which in our opinion entirely eliminate the fact question as to valuation, and it therefore becomes unnecessary in this case to decide whether or not the appointment of a receiver by the court was justified upon the evidence before it. The language in this mortgage which we have alluded to, and which we believe eliminates the question as to valuation, reads as follows: " * * * together with all the rents, issues and profits thereof as security for the payment to the said mortgagee * * *." It will be observed that the rents, issues, and profits were pledged for the payment of the debt in addition to the land itself. As we view it, the authority existed for the appointment of a receiver if there was a proper application by the mortgagee. We have examined the record and find that the order provided, in addition to the appointment of a receiver, that he should immediately take possession of the real property, collect the rents, issues, and profits therefrom, and deposit the same in a certain bank subject to the further order of the court.

██ In determining whether or not the court should have appointed a receiver to collect the rents, issues, and profits, we are guided by the record before us. Our statute empowers circuit courts to appoint receivers in mortgage foreclosure actions. Subdivision 2 of section 2475, 1919 South Dakota Revised Code, in part reads as follows: " * * * where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt."

Courts under our statutes being vested with the power to appoint receivers, we examine into the question of why and under what circumstances the court may appoint a receiver. In so doing we find in the case of Knudson v. Powers, 56 S. D. 613, 230 N. W. 282, 285, that it was held that the mortgagor is entitled to the rights of possession of the mortgaged premises and the rents and profits therefrom until the execution of a deed to the purchaser at the foreclosure sale. The question here presented is whether this provision in the mortgage, whereby the mortgagor mortgages,

in addition to the real estate, "all of the rents, issues and profits thereof," takes this case outside of the rule in Knudson v. Powers, supra. Section 1558 provides that a mortgage does not entitle the mortgagee to the possession of the property unless authorized by the express terms of the mortgage. The question thus is whether this provision in the mortgage is sufficient, in view of section 1558, to deprive the mortgagor of possession during the period of redemption. It seems to us that the clause in the mortgage pledging the rents and profits as a part of the security expressly gives the right of possession to the mortgagee, whenever there is a default by the mortgagor and the mortgagee elects to subject the rents and profits to the payment of the debt. "The right to possession carries with it the right to the rents and profits. 'The rents and profits of real property are the fruits of possession.'" Knudson v. Powers, supra; Lewis v. Jones 43 S. D. 282, 178 N. W. 1001; Kettering v. Barber, 37 S. D. 602, 159 N. W. 133. It would appear that under the express terms of this mortgage, it was the intent of the parties to make rents and profits enter into and form a part of the security and to give to the mortgagee the right to collect these rents and profits whenever a default occurred and it deemed this necessary to protect itself. The rents and profits being pledged as security, and as stated in the cases above cited, the rents and profits being the "fruits of possession," it would seem to follow that under the express terms of the mortgage it was intended the possession should be in the mortgagee whenever it became necessary for it to subject the rents and profits so pledged to the payment of its debt.

The circuit court properly ordered the receiver to take possession and to collect the rents, issues, and profits upon the application of the mortgagee. Having come to the foregoing conclusion, other assignments urged become immaterial.

The judgment appealed from is affirmed.

ROBERTS and RUDOLPH, JJ., concur.

POLLEY and CAMPBELL, JJ., concur in an affirmance of the order appealed from.