1996 SD 14

**The STATE of South Dakota, Acting By and Through the DEPARTMENT OF TRANSPORTATION and the South Dakota Transportation Commission, Plaintiff and Appellant,**

v.

**A. William SPIRY, Defendant and Appellee,**

and

**Gertrude M. Johnson, Grace J. Jeffords, Richard C. Leih and Virginia K. Leih, Defendants.**

No. 19005.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided Feb. 7, 1996.

Carl Quist of the Dept. of Transportation, Pierre, for plaintiff and appellant.

Mark V. Meierhenry of Danforth, Meierhenry and Meierhenry, Sioux Falls, for defendant and appellee.

TRIMBLE, Circuit Judge.

[¶ 1] This was a condemnation case. The State appeals, following a jury trial, and alleges that the trial court erred by allowing the landowner and his expert to testify as to valuation. We affirm.

## FACTS

[¶ 2] In February 1990, A. William Spiry (Spiry) purchased 37.63 acres of real estate located in a rapidly developing area within the City of Sioux Falls, South Dakota. Specifically, the property was bordered on the south by Interstate 229, on the north by 57th Street, and was located near the intersection of Louise Avenue. The purchase price paid by Spiry was $383,802.00. Spiry intended to build a retirement complex on the property. At the time of Spiry's purchase, an unrestricted easement owned by Williams Pipeline covered the entire 37 acres and posed a major obstacle to development.

[¶ 3] Spiry brought legal action to limit the easement before development could proceed. Ultimately, Spiry was able to reduce the scope of the easement, limiting it to a defined fifty (50) feet. As modified, the easement would not interfere with planned development of the property. Correspondingly, the value of the property increased dramatically as a result of Spiry's efforts.

[¶ 4] This highway condemnation case was brought pursuant to SDCL 31–19 by the State of South Dakota, acting by and through the Department of Transportation and the South Dakota Transportation Commission. The total acquisition consisted of 15.03 acres of generally undeveloped property. A jury trial resulted in a verdict for the defendant in the amount of $945,816.00. Following the trial court's entry of judgment and the order denying motion for new trial and remittitur, the State appealed to this Court.

[¶ 5] The State has raised the following issues on appeal:

I. Whether the landowner's value testimony should have been stricken;

II. Whether the landowner's appraiser's value testimony should have been stricken; and

III. Whether excessive damages were awarded landowner.

[¶ 6] **I. The Landowner's testimony regarding value.**

[¶ 7] The trial court allowed Spiry to testify, over the State's objections, regarding the value of the property. The State objected to this testimony on the grounds that it lacked foundation, and that the landowner's methods of valuation were improper. According to the State, Spiry was allowed to inject "piecemeal"[1] values for various tracts of land. The State alleges that these piecemeal values were improperly based on offers to purchase, and sales of property for which no foundation was established.

[¶ 8] The owner of land being taken is generally competent to express an opinion as to the value thereof. *City of Sioux Falls v. Kelley*, 513 N.W.2d 97, 103 (S.D.1994)(citing Nichols On Eminent Domain, § 23.03 (1993)). By virtue of the ownership, the landowner is deemed to have special knowledge of the property, its income producing capacity, and other pertinent traits sufficient to render an opinion as to value. *Id.* The weight to be given such testimony must be distinguished from its admissibility. The admissibility of the landowner's opinion on valuation falls squarely within the latitude allowed for the reception of relevant and material evidence tending to assist the trier of fact. *See American Federal Sav. & Loan Ass'n of Madison v. Kass*, 320 N.W.2d 800 (S.D.1982); *Basin Elec. Power Co-op v. Poindexter*, 305 N.W.2d 46 (S.D.1981); *Nebraska Elec. Generation & Transmission Co-op., Inc. v. Markus*, 90 S.D. 238, 241 N.W.2d 142 (1976). The weight to be given such testimony is most appropriately left to the jury's discretion.

[¶ 9] The State asserts that the landowner's opinion should have been stricken because of a reference made by the landown-

---

1. The Court's review of the record revealed that the State's expert witness used a comparable "piecemeal" method.

er to offers of purchase.[2] The Court is not willing to condone the admission of offers to purchase for the purpose of valuation, especially when the record is wholly absent of any foundation for such offers. Nevertheless, a landowner's basis for an opinion on valuation is not strictly limited in methodology.

[¶ 10] A landowner occupies a unique position, and generally possesses sufficient knowledge of the characteristics of the property to justify the rendering of an opinion as to its value. It is clear in the present case, however, that the landowner's opinion was based in part on factors which would be inadmissible in themselves. Particularly, the landowner relied in part on offers to purchase and sales for which no foundation was established. Under such circumstances, it is not difficult to recognize that the landowner's opinion rests on questionable grounds. The basis of the landowner's opinion, however, is the proper subject of cross-examination, and must go to the weight of the evidence and not its admissibility.

[¶ 11] The trial court's evidentiary rulings are reviewed under the abuse of discretion standard. *Kelley,* 513 N.W.2d 97; *Zens v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.,* 479 N.W.2d 155, 159 (S.D.1991). Under this standard, "not only must error be demonstrated, but it must also be shown to be prejudicial error." *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251, 258 (S.D. 1976). Prejudicial error is "that which in all probability must have produced some effect upon the final result and affected rights of the party assigning it." *K & E Land and Cattle, Inc. v. Mayer,* 330 N.W.2d 529, 533 (S.D.1983).

[¶ 12] In this case, the landowner's assigned value was within the range of the testimony of the defendant's expert. The landowner's opinion was based on a multitude of factors, and no evidence suggests that the opinion was predominately based on factors inadmissible in themselves. Finally, the defendant was subjected to extensive cross-examination, and was greatly contradicted by the State's expert witness.[3] Under these circumstances, the Court cannot find as a matter of law that prejudicial error occurred, even though the landowner's opinion was partially based on offers to purchase and sales for which no foundation was established.

[¶ 13] **II. The testimony of defendant's expert regarding value.**

[¶ 14] The State's second assignment of error alleges that the trial court should have disallowed the testimony of the defendant's expert, Deane Davenport. The basis for the State's claim is the expert's failure to consider the sale of the subject property when valuing the property. The State concedes, however, that its objection to such testimony was first made pursuant to its motion for new trial. At the time of Mr. Davenport's testimony, the State did not raise an objection or cross-examine him as to his failure to consider the sale of the subject property.

[¶ 15] Whether error resulted from the admission of the testimony by Mr. Davenport is not now properly before this Court. The State did not properly preserve the issue for appeal in that it failed to make a timely and appropriate objection at the time of the alleged error. *State v. Handy,* 450 N.W.2d 434 (S.D.1990). This Court has long held that: "Generally, error must be brought to the attention of the trial court as soon as it is apparent and failure to object at a time when the court can take corrective action precludes appellate review." *In re A.I.,* 289 N.W.2d 247, 249 (S.D.1980); *Cf. Peterson v. First Nat'l. Bank of Iowa,* 392 N.W.2d 158, 163 (Iowa App.1986)((*aff'd* 423 N.W.2d 889 (Iowa App.1988)(holding that objections first raised in a motion for new trial are too late to be considered on appeal when objections should have been made in time to allow the taking of corrective action)).

[¶ 16] Regardless of the timeliness of the objection, however, it appears clear to

---

2. The source, the amount, and all other details of the referenced offers to purchase were not the subject testimony.

3. The State's expert witness opined that the value of property was less at the time of the taking than at the time of Defendant's purchase, and made no mention of the easement.

the Court that the State's objection is without merit. The basis of an expert's opinion is generally a matter going to the weight of the testimony rather than the admissibility. *Johnson v. Schmitt,* 309 N.W.2d 838 (S.D. 1981); *See also Grote v. Estate of Franklin,* 214 Ill.App.3d 261, 157 Ill.Dec. 942, 573 N.E.2d 360 (1991); *Jones v. Otis Elevator Co.,* 861 F.2d 655 (11th Cir.1988); *Century 21 Page One Realty v. Naghad,* 760 S.W.2d 305 (Tex.App.Texarkana 1988); *McPherson v. Buege,* 360 N.W.2d 344 (Minn.App.1984).

### [¶ 17] III. Excessive Damages.

[¶ 18] The State's third assignment of error is based on the trial court's denial of the State's motion for new trial. The State asserts on appeal that the jury's award of damages exceeds the bounds of the expert opinions, and must have been the product of corruption, passion or prejudice. The Court finds that this claim lacks merit.

[¶ 19] The verdict in this case was entirely consistent with the testimony of the defendant.[4] As this Court held in *Miller v. Hernandez,* 520 N.W.2d 266 (S.D.1994), "[i]f the jury's verdict can be explained with reference to the evidence, rather than by juror passion, prejudice or mistake of law, the verdict should be affirmed." In addition,

the jury's award was substantially less than the per acre sales price of a comparable sale, as testified to by the Defendant's expert.[5] We believe the State has failed to make a clear showing that the verdict was the product of passion or prejudice. The trial court is in the best position to judge whether the verdict was the product of passion and prejudice. *Simmons v. City of Sioux Falls,* 374 N.W.2d 631 (S.D.1985). The trial court having denied the State's motion for new trial and remittitur, this Court will not disturb its decision absent clear abuse. *Id.* We see no abuse of discretion.

[¶ 20] Affirmed.

[¶ 21] MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., concur.

[¶ 22] TRIMBLE, Circuit Judge, for GILBERTSON, J., disqualified.

---

4. The defendant testified that the value of the loss was $945,816.00, which was the precise amount awarded by the jury.

5. A comparable sale of 6.16 acres located at 51st Street and Oxbow in the City of Sioux Falls, South Dakota, sold for $495,630.00, or $80,-459.00 per acre.