Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596
HTML Code Â© State Bar of South Dakota, 1999
ALMA GROUP, L.L.C.,
Plaintiff and Appellee,
v.
CHARLES W. WEISS,
Defendant and Appellant,
and
First Federal Savings Bank,
f/k/a First Federal Savings and Loan Association
and Pennington County, South Dakota,
Defendants.
[2000 SD 108]
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Pennington County, SD
Hon. Jeff W. Davis, Judge
#21224--Affirmed
Paul S. Swedlund, J. Crisman Palmer
Gunderson, Palmer, Goodsell & Nelson, Rapid City, SD
Attorneys for Plaintiff and Appellee.
John H. Mairose, Rapid City, SD
Attorney for Defendant and Appellant.
Considered on Brief Apr 25, 2000; Opinion Filed Aug 16, 2000
LOVRIEN, Circuit Judge.
[Â¶1] After a mortgage foreclosure action where no deficiency judgment was sought or obtained, the trial court awarded the mortgage holder, Alma Group, LLC (Alma), various rents and profits held by a receiver. Charles Weiss (Weiss) argues these rents and profits rightfully belonged to him. Weiss appeals the decision of the trial court. We affirm.
FACTS AND PROCEDURAL HISTORY 
[Â¶2] Charles Weiss owned the Rushmore Plaza Motel (motel) in Rapid City, South Dakota. The motel was subject to a mortgage held by Alma as successor in interest to the original mortgage lender. Weiss was in default under the promissory notes and mortgages that financed the purchase of the motel.
[Â¶3] A complaint filed May 30, 1996 sought foreclosure of the mortgage against the motel property for the unpaid balance. At that time, the unpaid balance was $704,609.54. The complaint further sought the appointment of a receiver to take possession of the mortgaged property and to collect the rents and profits until the redemption period expired. On July 12, 1996, Alma also sought and obtained a default judgment of foreclosure against Weiss. (fn1) 
[Â¶4] The parties attempted to negotiate a forbearance agreement and, by September 1996, stipulated to an order appointing a receiver. The receiver remained in possession of the motel for over two years until the foreclosure sale on April 30, 1999. (fn2)  In addition to the order appointing a receiver, Alma and Weiss agreed to vacate the earlier default judgment so that the statutory foreclosure process could proceed. This stipulation provided that Alma would not seek a deficiency judgment against Weiss.
[Â¶5] An amended default judgment and decree of foreclosure was entered on February 12, 1999 which provided "that the Plaintiff will not proceed with any deficiency judgment against the Defendant, Charles W. Weiss." The amended default judgment listed the unpaid balance as $843,073 with interest accruing at the rate of $181 per day.
[Â¶6] Before the entry of the amended judgment, and while the receiver was in possession of the property, Weiss indicated to Alma that he would like to sell the property on his own. The parties entered into an additional agreement on December 18, 1998 that gave Weiss that opportunity. Alma agreed to accept "ninety percent of the purchase price net of expenses" as long as Alma received a minimum payment of $250,000. The agreement set a December 31, 1998 deadline for Weiss to sell and effect a closing on the property. Weiss failed to sell the property by this deadline. As a result, the parties entered into an addendum extending the terms of the December 18, 1998 agreement. In exchange, Weiss waived his redemption rights.
[Â¶7] In the addendum, the parties again acknowledged that no deficiency would be sought against Weiss and agreed that, should a sale of the property take place pursuant to the second agreement, Alma would assign to Weiss any interest it might have in the funds held by the receiver. All applicable provisions of the original December 1998 agreement remained in place.
[Â¶8] Weiss was never able to sell the property on his own. A sheriff's sale took place on April 30, 1999 and the property was sold to the highest bidder for $250,000. Because Weiss waived his redemption rights, no redemption took place during the applicable redemption period.
[Â¶9] At the time of the sale, the funds held by the receiver consisted of $82 in a checking account and $42,326 in a savings account for a total of $42,408. Following the sale, Weiss asked the trial court to award the balance of the receiver's funds to him. Alma resisted this motion and filed a petition seeking the receivership funds. The trial court found that Weiss' interest in the rents and profits was subordinate to that of Alma. The trial court awarded Alma the money held by the receiver holding that the assignment of the promissory notes and mortgages to Alma by the original lenders transferred all right, title and interest in the property to Alma.
[Â¶10] Weiss appeals the judgment of the trial court.
ISSUE 
[Â¶11] Did the trial court err in awarding receivership funds to the mortgagee when the foreclosure sale resulted in a deficiency between the balance of the debt and the proceeds of the sale even though the mortgagee agreed not to pursue a deficiency judgment against the mortgagor and even though no deficiency judgment was obtained?
STANDARD OF REVIEW 
[Â¶12] A complaint seeking foreclosure of a mortgage is unquestionably an equitable action. See First W. Bank, Sturgis v. Livestock Yards, 466 NW2d 853, 856 (SD 1991) (citing Lounsberry v. Kelly, 32 SD 160, 142 NW 180, on reh'g 32 SD 456, 143 NW 369 (1913)). "Foreclosure of a mortgage is an equitable action and a court in equity has the power and the right to grant full and complete legal and equitable relief." American Fed. Sav. v. Mid-America Service, 329 NW2d 124, 126 (SD 1983).
[Â¶13] In their briefs to this Court, the parties argue that the standard of review should be de novo. As authority, they cite several cases from other state courts which are advisory, but not binding on this Court. These authorities agree that an action to foreclose a mortgage is an equitable one as is the remedy of receivership. Federal Land Bank of Omaha v. Victor, 232 Neb 351, 440 NW2d 667, 670 (1989); GMAC Mortg. Corp. v. Gisvold, 215 Wis2d 458, 572 NW2d 466, 476 (1998). However, this Court has said unequivocally that the standard of review for equitable actions in South Dakota is abuse of discretion. Englehart v. Larson, 1997 SD 84, Â¶12, 566 NW2d 152, 155 (citing Eli v. Eli, 1997 SD 1, Â¶8, 557 NW2d 405, 408); Mattson v. Rachetto, 1999 SD 51, Â¶9, 591 NW2d 814, 817 (citing Amdahl v. Lowe, 471 NW2d 770, 773 (SD 1991)). We will continue to apply that standard in this case.
[Â¶14] An abuse of discretion occurs when "'no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.'" Id. (quoting Gilkyson v. Wheelchair Express, Inc., 1998 SD 45, Â¶6, 579 NW2d 1, 3). See also Englehart, supra (quoting Dartt v. Berghorst, 484 NW2d 891, 894 (SD 1992)). "The term 'abuse of discretion' refers to 'a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" Herndon v. Herndon, 305 NW2d 917, 918 (SD 1981) (quoting Root v. Bingham, 26 SD 118, 120, 128 NW 132, 133 (1910). Accord State v. Flying Horse, 455 NW2d 605, 608 (SD 1990).
DECISION 
[Â¶15] The essential purpose of a foreclosure action is to have the mortgaged property applied to a debt secured by a lender, together with such other relief as may be necessary to the enforcement of the debt. 55 AmJur2d Mortgages Â§ 630 (1996). A foreclosure action has been said to be a proceeding for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the property pledged for the debt's satisfaction. Id.
[Â¶16] In South Dakota there are several statutory schemes that allow for foreclosure of a mortgage. When a default occurs on a contract for deed, for example, SDCL 21-50-1 provides that an action for strict foreclosure may be brought. Wandler v. Lewis, 1997 SD 98, Â¶20, 567 NW2d 377, 382. However, a party is not limited to strict foreclosure under SDCL ch 21-50. Depending on the circumstances, a lender may elect to proceed with any one of several remedies under South Dakota law including, but not limited to, a sheriff's sale as provided by SDCL ch 21-47. (fn3)  In the instant case, Alma elected to proceed under this section with foreclosure by sheriff's sale.
[Â¶17] After giving Weiss a chance to sell the property on his own, Alma prosecuted the foreclosure action, sold the property at a sheriff's sale and received $250,000 as a result. At the time, Weiss owed Alma in excess of $843,000. Alma then claimed rights to the more than $42,000 in rents and profits held by the receiver. Alma claimed this even though it had assigned its interest in the receivership funds to Weiss and had agreed in the December 1998 agreement and addendum not to pursue a deficiency judgment.
[Â¶18] The trial court concluded that the agreement assigning the receivership funds to Weiss was inoperable because Weiss did not sell the property on his own as the agreement required. The trial court then found that the entire sum of the debt had not been paid and concluded that the receivership funds should be awarded to Alma even though a deficiency judgment against Weiss was neither sought nor obtained. Did the trial court abuse its discretion? We conclude that it did not.
[Â¶19] Both Weiss and Alma agreed to the appointment of a receiver, an officer of the court appointed to preserve the collateral by collecting and retaining rents and profits subject to the control and disposition of the court. Todd v. Winkelman, 320 NW2d 525, 528 (SD 1982); Sherman v. Wichner, 35 SD 436, 152 NW 700 (1915). While the trial court is authorized by statute to appoint a receiver to collect rents and profits, ordinarily, neither the court nor the receiver is authorized to pay rents and profits to a mortgagee to satisfy a deficiency judgment. First Nat. Bank v. Cranmer, 42 SD 404, 408-409, 175 NW 881, 882 (1920). An exception to this ordinary rule exists where the mortgage agreement expressly pledges rents and profits to the mortgagee in the event of a default. Hulseman v. Dirks Land Co., 63 SD 404, 407, 259 NW 679, 680 (1935).
[Â¶20] Cranmer and Hulseman were decided pursuant to a statute that was repealed in 1966. First Federal Sav. & Loan v. Clark Inv. Co., 322 NW2d 258, 261 (SD 1982). However, this Court has since held that a mortgagor can contract away his right to rents and profits. Aetna Life Ins. Co. v. McElvain, 363 NW2d 186, 191 (SD 1985) (citing First Federal, 322 NW2d at 258). In addition, Aetna relied on SDCL 21-47-17, which reads in part, "a foreclosure may not be considered to be satisfaction of an assignment of rents agreement under the mortgage." Id. The Court found Aetna, as mortgagee, was entitled to the rents and profits collected by the receiver pursuant to the assignment of rents clause in the mortgage. Id.
[Â¶21] A similar assignment of rents and profits was made in the present case. It is undisputed that in the original mortgage agreement, as well as in a separate assignment of rentals contract entered into at the same time, Weiss pledged rents and profits as further security for the debt in the event of default.
[Â¶22] It is also undisputed that at the time of the foreclosure, a deficiency judgment was neither sought nor obtained against Weiss. Under South Dakota law, a foreclosure ordinarily operates as a complete extinguishment, satisfaction and payment of the debt secured by the mortgage. SDCL 21-47-17. However, there are two exceptions to this general rule. The first is a deficiency judgment obtained pursuant to SDCL 21-47-16. The second is an assignment of rents agreement under SDCL 21-47-17. As noted above, a foreclosure may not be considered to be satisfaction of an assignment of rents clause in a mortgage.
[Â¶23] Alma expressly agreed not to seek a deficiency judgment. Alma also expressly agreed to take the purchase price of the property, with a minimum payment of $250,000, as satisfaction of Weiss' obligation. These terms were agreed to in writing in December 1998 following Weiss' default on the mortgage. In an addendum to that agreement, Alma agreed to assign to Weiss its interest in the rents and profits should Weiss sell the property. Weiss did not sell the property.
[Â¶24] The trial court properly concluded that the December 1998 agreement and addendum assigning Alma's interest in rents and profits to Weiss was inoperable because of Weiss' failure to sell the property on his own. This left the parties with the original mortgage agreement which contained the clause assigning rents and profits to Alma.
[Â¶25] The trial court also properly concluded that Weiss' interest in the property was subject to the mortgage and lien held by Alma and that the receivership account was for the benefit of the mortgage and lien holder. The trial court held the assignment clause vested all title in the receivership account to Alma. We cannot say that the trial court abused its discretion in reaching this conclusion.
[Â¶26] A court in equity has the right to grant full and complete equitable relief. Mid-America Service, 329 NW2d at 126. The trial court found it equitable to grant the receivership funds to Alma pursuant to the assignment of rents clause in the mortgage agreement due to the fact that over $500,000 was never recovered by Alma on the debt. The trial court did not enter a finding on the exact amount of the debt unaccounted for after the sale of the property for $250,000. The trial court simply found that the sheriff's sale ultimately yielded less than the amount owed on the promissory note. (fn4) 
[Â¶27] While Alma agreed not to pursue a deficiency judgment, nothing in the law requires that a deficiency judgment be secured before a court can award proceeds of a receivership to a mortgagee. SDCL 21-47-17 particularly states that a foreclosure judgment is not considered satisfaction of an assignment of rents. Thus the foreclosure judgment here did not constitute a satisfaction of the assignment of rents made in this case.
[Â¶28] Finally, there was no inequitable windfall to Alma. The proceeds of the sale were far less than the amount Weiss owed Alma on the debt. If Alma had not given up its right to pursue a deficiency judgment, in all likelihood, Alma would have secured a judgment against Weiss for the remaining $593,073. Instead, all Alma received on the debt was $250,000 from the sheriff's sale plus $42,408 in rents and profits held by the receiver.
[Â¶29] An abuse of discretion occurs when "'no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion.'" Mattson, 1999 SD 51 at Â¶9, 591 NW2d at 817; Amdahl, 471 NW2d at 773. In view of the law and circumstances of this case, we cannot say the trial court abused its discretion in awarding these proceeds to Alma.
[Â¶30] Affirmed.
[Â¶31] MILLER, Chief Justice, and AMUNDSON and GILBERTSON, Justices, and NEILES, Circuit Judge, concur.
[Â¶32] LOVRIEN, Circuit Judge, for SABERS, Justice, disqualified.
[Â¶33] NEILES, Circuit Judge, for KONENKAMP, Justice, disqualified. 
Footnotes
1.  The judgment provided, "that the Plaintiffs have and recover a judgment of foreclosure against the Defendant, Charles W. Weiss, plus costs in the amount of Sixty nine and 03/100 dollars ($69.03)." 
2.  During this time period, Weiss unsuccessfully tried to satisfy the default judgment. The notes and mortgages continued to change hands until Alma filed its motion to be substituted as plaintiff based on an assignment of the notes and mortgages from FDIC. 
3.  The various mortgage foreclosure actions are as follows: SDCL ch 21-48 provides for mortgage foreclosure by advertisement, if the parties meet certain requirements. SDCL ch 21-48A provides for voluntary foreclosure upon written agreement between the mortgagor and mortgagee. SDCL ch 21-49 provides parties with foreclosure alternatives for tracts of land of not more than forty acres. As noted above, SDCL ch 21-50 provides for strict foreclosure of a contract for deed. Once a party has defaulted on a real estate contract, the court sets a certain time period in which the debtor must comply with the terms of the contract. This may include accelerated payment of the contract amount. If the debtor does not comply, the clerk of court certifies the time has expired with noncompliance. In re Carver, 61 BR 824 (Bankr DSD 1986) (overruled on other grounds). When the strict foreclosure process is complete, the parties are placed in the same position as if the contract had not been made. State v. Darling, 39 SD 558, 165 NW 536 (1917). 
4.  The parties address the issue of the monetary discrepancy in their briefs. In cases previously decided by this Court, we have discussed facts admitted by the parties in their briefs. See e.g. Melbourn v. Benham, 292 NW2d 335 (SD 1980); Big Band, Inc. v. Williams, 87 SD 24, 202 NW2d 121 (1972). Additionally, the amended default judgment and decree of foreclosure sets forth the full amount of the debt. This judgment is in the record and the parties agree the sale did not net the full amount owed to Alma. Alma sets forth the exact dollar amounts in its brief which we have relied on in setting forth the facts of this decision. Weiss has also stated that there is a "mathematical difference" in the amount of $593,073. A statement will be taken as true unless questioned in a brief filed by a party. Hepner v. Wheatley, 33 SD 34, 40, 144 NW 923, 925 (SD 1913). Weiss has not questioned the monetary amounts and actually set out the same difference between the amount collected and the amount owed. The trial court found, and the parties agree, that Alma agreed not to pursue a deficiency judgment for any amount. However, that does not change the fact that Alma did not recover over $500,000. This is important in an equitable action as it would not have been equitable to allow Alma to collect more than it was actually owed.